UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CR-328-1 FL (4)
NO. 5:19-CR-328-2 FL (4)

FILED IN OPEN COURT
ON 8-14-2019
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JRA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | **INDICTMENT** |
| ) | |
| MORRIS COOPER, ) | |
| BEVERLEY COOPER ) | |

The Grand Jury charges:

1. Directorate of Public Works (DPW), Fort Bragg, NC, is responsible for design, construction, maintenance, repair of all facilities, operation of utility systems, management of all environment and disposal, and natural and cultural resources programs on Ft. Bragg as well as providing centralized management for Army Family Housing. DPW's Operations and Maintenance Section purchases its supplies through the use of a Government Purchase Card (GPC) or a Blanket Purchase Agreement (BPA). The supply section within DPW is responsible for providing supplies to DPW mechanics and technicians who maintain Fort Bragg's equipment and facilities. There are several commodity sections within the Operations and Maintenance section who are responsible for maintenance and services within a particular trade such as Heating Ventilating and Air Conditioning (HVAC), electrical and plumbing. Each trade section is assigned a purchasing agent (PA) who purchases needed supplies from various vendors in support of the trade section's mission.

2. At all times relevant to this indictment, Defendant MORRIS COOPER was

1

a ~~procurement~~ purchasing [MRC per] agent assigned to the Operations and Maintenance Division and entrusted to purchase HVAC parts for DPW's HVAC maintenance section. Defendant MORRIS COOPER was authorized to use the GPC if the cost of the supplies did not exceed a particular limit; if the cost did exceed such limit, he was authorized to obtain three quotes from competing vendors, and make the purchase using a BPA.

3. At all times relevant to this indictment, defendant BEVERLEY COOPER was married to defendant MORRIS COOPER, and they resided together in Fayetteville, North Carolina. They maintained property, vehicles, and bank accounts both individually and jointly.

## COUNT ONE

4. Beginning in or about September 2011, and continuing to on or about June 19, 2019, in the Eastern District of North Carolina and elsewhere, MORRIS COOPER and BEVERLEY COOPER, defendants herein, did conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States, to wit: (a) in violation of Title 18, United States Code, Section 641, by willfully and knowingly embezzling, stealing, purloining and knowingly converting to their own use or the use of another, a thing of value of the United States, that is, money belonging to the United States of a value exceeding $1,000.00; and (b) in violation of Title 18, United States Code, Section 201(b)(2), MORRIS COOPER, as a public official, to receive and accept something of value personally and for another person or entity, in return for being influenced in the performance of an official act and being influenced to commit and aid in committing and to collude in, and allow,

2

and to make opportunity for the commission of a fraud on the United States.

## PURPOSE OF THE CONSPIRACY

5. It was the purpose of the conspiracy to influence the award of contracts for supplies and to unlawfully enrich the participants, by, among other things, steering contracts for supplies to specific vendors, in return for cash payments, and by inflating prices on supplies purchased through those contracts, increasing the conspirators' profits thereon.

## MANNER AND MEANS

6. In furtherance of the conspiracy, defendants herein, MORRIS COOPER and BEVERLEY COOPER, along with others, employed the following manner and means:

   a. Vendors, known and unknown to the grand jury, approached MORRIS COOPER while employed as a purchasing agent at DPW;

   b. By agreement, the vendors paid cash and gave gifts to MORRIS COOPER in return for steering contracts for supplies to those vendors;

   c. In addition, the prices for items under those contracts were at times inflated beyond market price, increasing both the profits to the vendor and the cash payment made to MORRIS and/or his wife, BEVERLEY COOPER.

   d. Further, MORRIS COOPER allowed competing bids for a

3

blanket purchase agreement to come from companies owned by the same person(s) and not competitive with one another;

  e. Further, MORRIS COOPER split singular purchases to appear as if multiple purchases, so that the purchase(s) could be made with the GPC while avoiding the per purchase limit.

## OVERT ACTS

7. In furtherance of the conspiracy and to achieve the object thereof, at least one of the following overt acts, among others, were committed by the conspirators in the Eastern District of North Carolina, between 2011 and 2019:

  a. On or about March 13, 2013, defendant BEVERLEY COOPER received $1757.50 from a vendor known to the grand jury, as payment-in-kind for official acts undertaken by MORRIS COOPER in steering contracts toward the vendor;

  b. On June 19, 2018, defendant BEVERLEY COOPER deposited or caused to be deposited into her account ending in 4875, $4,760 currency, which were proceeds of the conspiracy;

  c. On or about May 2, 2019, defendants MORRIS COOPER and BEVERLY COOPER together deposited and caused to be deposited into their joint account ending in 1989, $8000 currency, which were proceeds of the conspiracy.

  d. On or about June 21, 2016, defendant MORRIS COOPER purchased three electrical relay parts for $755.00 each, when market value of

4

this part was less than $100 each, for an inflation of price of over 300%.

  e. On or about January 19, 2016, defendant MORRIS COOPER sought and accepted competing bids from three companies, known to the grand jury to be owned by the same person(s), and which were not in fact competitive to one another, and citing the competition amongst those bids as evidence of the fair and reasonable price of the resulting BPA.

8. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

9. Beginning in or about August 6, 2014, and continuing to on or about June 19, 2019, in the Eastern District of North Carolina and elsewhere, the defendants, MORRIS COOPER and BEVERLY COOPER, aiding and abetting one another, did willfully and knowingly embezzle, purloin, and steal property of the United States, that is, money belonging to the United States of a value exceeding $1,000.00, with intent to convert said property to their own and others' use, in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT THREE

10. Beginning in or about August 6, 2014, and continuing to on or about June 19, 2019, in the Eastern District of North Carolina, the defendant, MORRIS COOPER, a public official, directly and indirectly did corruptly seek, receive, accept, and agree to receive and accept, something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty, that is, accepted cash and gifts from a vendor in exchange for steering contracts for supplies

5

to that vendor and to allow the vendor to submit inflated prices and receive inflated payments for parts under those contracts, all in violation of Title 18, United States Code Section 201(b)(2).

## FORFEITURE NOTICE

The defendants are given notice of the provisions of Title 18, United States Code, Section 981(a)(1)(C) (as made applicable by Title 18, United States Code, Section 2461(c)), that all the defendant's interest in the property specified herein is subject to forfeiture.

Upon conviction of one or more of the offenses set forth in Counts One, Two, and Three of the indictment, the defendant shall forfeit to the United States any and all property, real or personal, constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses.

The forfeitable property includes, but is not limited to, the following:

(a) 2017 Cadillac Escalade, VIN - 1GYS3DKJ7HR188207

(b) 2017 Jeep Wrangler, VIN - 1C4BJWFG7HL516251

(c) Contents of Wells Fargo Bank account number ending in 1989 in the name of Morris Cooper and Beverly Cooper (up to $17,189);

(d) Contents of Wells Fargo Bank account number ending in 1976 in the name of Morris Cooper and Beverly Cooper (up to $207,742);

(e) Contents of USAA Bank account number 0003581861 in the name of Morris Cooper and Beverly Cooper (up to $248,215);

(f) The gross proceeds personally obtained by the defendant, in an amount of at least $ 978,279.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty --

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853 (p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

8/14/19

DATE

ROBERT J. HIGDON, JR.
United States Attorney

*Barbara D. Kocher*

BY: BARBARA D. KOCHER
Assistant United States Attorney

8